UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH MABERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00525-JRS-MJD |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Joseph Mabery, an inmate at the United States Penitentiary in Terre Haute,

Indiana, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging

his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). For the

reasons that follow, Mabery's petition must be denied.

**I. Factual and Procedural Background**

On April 14, 2010, Mabery was detained by officers of the Kansas City, Missouri Police

Department. *United States v. Mabery*, 686 F.3d 591, 594 (8th Cir. 2012). The officers discovered

that Mabery possessed a firearm, marijuana, and methamphetamine. *Id.* According to the

Presentence Investigation Report ("PSR"):

> [Mabery] reported that he was sitting in a car when the police approached him and
> he ran from the scene. He was asked why he ran, and he responded, "I was just
> playing the game." He neither admitted nor denied possessing the
> methamphetamine, marijuana, or the firearm; although he did report that he knew
> he was a convicted felon for shooting someone and served about 12 years in prison.

Dkt. 11, ¶ 7.

On May 4, 2010, Mabery was indicted in the Western District of Missouri for being a felon

in possession of a firearm. Dkt. 10-2; *United States v. Mabery*, 4:10-cr-00121-DGK-1 (W.D. Mo.),

dkt. 1. While that indictment alleged that Mabery had a previous felony conviction, it did not specifically allege that Mabery knew that he was a felon at the time he possessed the firearm in question. *See id.* At the time, Eighth Circuit precedent did not include knowledge of his status as a felon as an element of the offense. *See United States v. Thomas*, 615 F.3d 895, 899 (8th Cir. 2010).

At trial, Mabery stipulated "at the time relevant to the offense alleged in the indictment, that the defendant had been convicted of at least one felony offense for which he could receive a term of imprisonment greater than one year." *See* dkt. 10-3. The jury was instructed as to the elements of the felon in possession of a firearm offense but was not instructed that it must find that Mabery was aware of his status as a felon at the time he possessed the firearm. *See* dkt 10-4.

According to the PSR, Mabery's total offense level was 34, and Mabery was an armed career criminal. Dkt. 11, ¶¶ 12-25. He had 12 prior felony convictions before he unlawfully possessed the firearm in the case proceeding in the Western District of Missouri. *Id.* ¶¶ 28, 32, 38-39, 41-42. His offenses included, among others, a 2002 conviction for aggravated battery and aggravated assault. *Id.* ¶ 41. That conviction was based on Mabery's having fired a shotgun at five people, striking one of them in the back. *Id.* Mabery was again convicted of aggravated battery in 2005 after he hit someone on the back of the head with a handgun. *Id.* ¶ 42. Mabery had served more than one year imprisonment for many of these felony convictions. *Id.* ¶ 38, 39, 41, 42. Mabery's criminal history score was 17, resulting in a criminal history category of VI. *Id.* ¶ 44. This yielded a statutory sentencing range of 15 years to life and an advisory Sentencing Guidelines range of 262 to 327 months. *Id.* ¶¶ 76-77. Mabery filed objections to the Guidelines calculations and the advisory range.

On September 5, 2012, the district court sentenced Mabery to 327 months' imprisonment. *See* dkt. 10-1. Mabery appealed the legality of the police contact, the sufficiency of the evidence, and the sentence, and the Eighth Circuit affirmed. *Mabery*, 686 F.3d 595-600.

On September 3, 2013, Mabery filed a motion for relief under 28 U.S.C. § 2255, in Western District of Missouri Case No. 4:13-cv-00868-DGK, seeking to vacate his sentence. Cr. Dkt. 95. After briefing by the parties, the district court denied the motion. Cr. Dkt. 94.

Mabery later sought and received permission to file a successive § 2255 motion in Western District of Missouri Case No. 4:16-cv-01227-DGK, raising a claim under *Johnson v. United States*, 576 U.S. 591 (2015). Cr. Dkt. 95. Mabery's motion was later dismissed without prejudice for failure to prosecute. Cr. Dkt. 96. Mabery then filed this petition for a writ of habeas corpus.

### III. Discussion

Mabery challenges his conviction for being a felon in possession of a firearm under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Supreme Court held in *Rehaif* that to be convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g), a person must know that he or she belongs to a group covered under the statute barring possession of firearms. The portion of the statute under which Mabery was convicted, § 922(g)(1), applies this prohibition to anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Mabery argues that his conviction is invalid under *Rehaif* because he did not know he was a felon at the time he possessed a firearm. The United States argues that Mabery has not established his entitlement to relief under § 2241.

A. *Section 2241 Standards*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862

3

(7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

B. *Mabery's Rehaif Claim*

Mabery argues that he was unaware of his status as a felon at the time he was charged with being a felon in possession of a firearm and therefore under *Rehaif*, his conviction is invalid. The United States argues that Mabery is not entitled to relief under § 2241 because Mabery cannot satisfy the third *Davenport* factor – that the error is grave enough to result in a miscarriage of justice. *See Davis*, 863 F.3d at 964.[3]

The Court agrees that Mabery cannot show that he suffered a miscarriage of justice since no reasonable jury could have concluded that the government failed to meet its burden of proving a violation of § 922(g)(1) even after *Rehaif*. In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the government's burden includes proving beyond a reasonable doubt that Mabery knew, at the time of the offense, he had "been

---

[2] The United States argues that statutory claims are not cognizable under §§ 2241 and 2255(e), but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

[3] The Court notes that there is a legitimate question on whether the second factor – that *Rehaif* is retroactive to cases on collateral review – is met. The Court of Appeals for the Eleventh Circuit has concluded that *Davenport* is not retroactive, and a petitioner could not file a successive motion for relief under 28 U.S.C. § 2255. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g), 924(a)(2)). But the Seventh Circuit has not reached a conclusion on this specific question.

convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Mabery submitted an affidavit with his petition in which he testifies: "I, Joseph Mabery, lacked the knowledge that I fell into one of the categories, and is actually innocent." Dkt. 1 at p. 5. But the court on review can consider certain evidence in the record to determine whether the government established the knowledge element required under *Rehaif. See United States v. Pulliam,* 973 F.3d 775, 781 (7th Cir. 2020)*, as amended* (Sept. 8, 2020) (reviewing failure to include jury instruction regarding whether defendant knew he was a felon at the time he possessed the firearm under plain error standard). This evidence can include references in the PSR to prior felony convictions. *Id.* at 781-82.

Here, the Court does not doubt that Mabery was aware of his status as a felon at the time he possessed the firearm. The PSR reflects that Mabery told officers he knew he was a felon when he was arrested. Dkt. 11, ¶ 7. In addition, Mabery had several convictions for violent crimes for which he served more than a year in prison. *Id.* ¶¶ 38, 39, 41, 42. Having spent more than a year in prison on several convictions, Mabery cannot genuinely argue now that he did not know he had been convicted of an offense punishable by a term of imprisonment exceeding one year.

Having failed to show that a reasonable jury would not have concluded that Mabery was unaware of his status as a felon when he possessed the firearm at issue, he has failed to show a miscarriage of justice. He is therefore not entitled to challenge his conviction under § 2241.

### III. Motion for Status and Request for Counsel

Mabery has filed a request for status and in that motion has requested that the Court appoint counsel to represent him.

A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence or when an evidentiary hearing is necessary to resolve the petition. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott,* 512 U.S. 849, 855 (1994); Rule 8(c) of the *Rules Governing*

*Section 2254 Cases.* Here, the Court has decided Mabery's petition without a hearing and has been able to analyze the claim based on its review of the record and relevant caselaw. Mabery's motion requesting counsel, which was filed well after the petition was fully briefed, dkt. [13], is **denied.**

### IV. Conclusion

For the foregoing reasons, Joseph Mabery's petition for a writ of habeas corpus is denied. Judgment dismissing this action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 1/11/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH MABERY
22279-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel